# UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

_____

No. 95-40006
Summary Calendar

_____

BETTY J. GILLESPIE, individually and as next friend of
her minor son Leelan Gillespie, and LEELAN GILLESPIE

Plaintiffs-Appellants,

VERSUS

RICHARD WRIGHT and SANTA FE INDEPENDENT
SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(94 CV 342)

_____

September 5, 1995

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[1]

The plaintiffs, Betty Gillespie and Leelan Gillespie, challenge the district court's dismissal of their § 1983 and pendent state law claims against the defendants, the Santa Fe Independent School District and Richard Wright. Finding no error, we affirm the district court's dismissal of the plaintiffs' claims.

_____

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Leelan Gillespie suffered severe injuries to his hand and fingers while operating a motorized table saw during a vocational shop class at Santa Fe (Texas) Junior High School. Leelan's mother, Betty Gillespie subsequently filed suit in state court against Leelan's vocational shop instructor, Richard Wright, and Wright's employer, the Santa Fe Independent School District. She also joined Leelan Gillespie as a plaintiff. The Gillespies alleged that Leelan's injuries resulted when Wright removed a blade guard from the table saw that Leelan was using. According to the Gillespies' original complaint, Leelan's injuries "were proximately caused by the intentional wrongful act of the Defendants, and each of them, in removing and acquiescing and approving the removal of the blade guard in question."

The defendants removed the case to federal district court after the Gillespies amended their original petition to allege violations of 42 U.S.C. § 1983. The Gillespies then filed a second amended petition in which they alleged that the school district had a policy or custom of allowing students to use table saws without blade guards, and that this policy or custom violated Leelan's constitutional rights. They also argued that the "special relationship" between the school district and Leelan gave rise to a constitutional duty to protect Leelan.

The defendants subsequently filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the defendants' motions and dismissed the Gillespies' §

1983 claims on the grounds that they failed to allege a cognizable constitutional violation. The court also dismissed the Gillespie's state law claims on the grounds that they were barred under section 21.912 of the Texas Education Code.[2] The Gillespies then filed a timely notice of appeal.

II.

A.

We will first address the Gillespies' argument that the district court erred in dismissing their § 1983 claims. A Rule 12(b)(6) dismissal is ordinarily appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McCormack v. National Collegiate Athletic Ass'n, 845 F.2d 1338, 1343 (5th Cir. 1988). Although we take all the allegations of the complaint as true when reviewing a Rule 12(b)(6) dismissal, we will not assume facts not alleged. Id.

Turning to the factual allegations in the Gillespies' complaint, we agree with the district court that they failed to allege a cognizable constitutional violation. The Gillespies' complaint first alleges that the defendants violated Leelan's Fourteenth Amendment rights "to be free of bodily injury inflicted

---

[2]     On appeal, the plaintiffs suggest that the district court erroneously grounded its dismissal of their § 1983 claims on § 21.912 of the Texas Education Code. However, a careful reading of the district court's opinion reveals that the district court based its dismissal of the § 1983 claims squarely on the lack of a cognizable constitutional violation, not on the Texas Education Code. We need not, therefore, address the plaintiffs' argument that § 1983 preempts the Texas Education Code.

3

upon [him] by a government official/school teacher." They specifically allege that Leelan's injuries "were proximately caused by the intentional, deliberately indifferent, and/or malicious acts of the Defendants." They also allege that the school district failed to adequately train and supervise its teachers and that Leelan's injuries were a direct result of the defendants' deliberate indifference to his safety and well-being.

Although the Gillespies' complaint alleges that Wright intended to remove the blade guard, they fail to allege any facts showing that Wright intended his actions to injure Leelan. At most, the plaintiffs' allegations show that Wright was careless or negligent in removing the blade guard. However, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). The plaintiffs cannot, therefore, base their § 1983 claims on Wright's alleged negligence in removing the blade guard.

The Gillespies' complaint alternatively alleges that the defendants owed Leelan an affirmative duty not to be deliberately indifferent to his due process rights. In DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 196 (1989), the Supreme Court held that an affirmative duty might arise when there is a "special relationship" between the state and the plaintiff. The Gillespies contend that there was a special relationship between Leelan and the defendants because of Texas' compulsory school attendance laws, and that the defendants breached that duty

4

by being deliberately indifferent to Leelan's due process rights.

This court's recent en banc decision in <u>Walton v. Alexander</u>, 44 F.3d 1297, 1299 (5th Cir. 1995) (en banc) disposes of the Gillespies' <u>DeShaney</u> argument. In <u>Walton</u>, we held that there was no special relationship between the Mississippi School for the Deaf and a student who lived on the school's campus. We concluded that a "special relationship" sufficient to invoke <u>DeShaney</u>'s affirmative duty exists only where "a person is involuntarily confined or otherwise restrained against his will pursuant to a governmental order or by the affirmative exercise of state power." <u>Id</u>. Like the plaintiff in <u>Walton</u>, Leelan Gillespie was not subject to involuntary confinement or restraint by the defendants. The mere fact that state compulsory education rules required him to attend public school is not sufficient to create a special relationship. <u>Id</u>. at 1303 n. 4. Accordingly, the Gillespies' allegations fail to establish the presence of a special relationship sufficient to trigger <u>DeShaney</u>'s affirmative duty.

In sum, the Gillespies' allegations fail to allege any facts which establish a cognizable constitutional violation. The district court did not, therefore, err in dismissing the Gillespies' § 1983 claims.[3]

B.

---

[3]    Because we conclude that the Gillespies failed to allege a cognizable constitutional violation, we need not address their allegations that the school district is liable under § 1983 for failing to properly train and supervise Walton, and that the district had a policy and custom of allowing instructors to remove blade guards from the table saws in the district's vocational shop classes.

5

The Gillespies next challenge the district court's dismissal of their state law negligence claims against Wright.[4] The district court concluded that § 21.912 of the Texas Education Code barred the Gillespies' negligence claims against Wright. Section 21.912(b) states:

> No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee <u>except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students</u>.

Tex. Educ. Code Ann. § 21.912 (West 1987)(emphasis added). Interpreting the final clause of this statute, the Supreme Court of Texas held that a "professional school employee is not personally liable for acts done within the scope of employment and which involve the exercise or judgment or discretion, except when disciplining a student the employee uses excessive force or negligence which results in bodily injury to the student." <u>Hopkins v. Spring Indep. Sch. Dist.</u>, 736 S.W.2d 617, 618 (Tex. 1987).

The Gillespies argue that § 21.912 does not provide Wright

_____

[4] The Gillespies do not argue in their appellate brief that the district court erred in dismissing their state law negligence claims against the school district. In a one-sentence conclusion in their brief, they request this court to reverse the district court's dismissal of their federal and state claims against the "Appellees." As for the school district, the Gillespies' brief focusses solely on their argument that they alleged a valid constitutional deprivation under § 1983. They do not address the school district's liability under state tort law. We therefore do not address the school district's liability under state tort law. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993)(issues not briefed on appeal are deemed abandoned).

with immunity from liability because Wright's actions in removing the blade guard from the table saw were not actions involving the exercise of judgment or discretion because "[t]he rules of safety are not discretionary."  Under Texas law, however, the allegation that a teacher's actions violated safety regulations is insufficient to defeat a claim of immunity under § 21.912.  See Pierson v. Houston Indep. Sch. Dist., 698 S.W.2d 377, 380-81 (Tex.App.-- Houston [14th Dist.] 1985, writ ref'd n.r.e.).

The Gillespies also argue that § 21.912 is inapplicable because Wright's actions involved negligence in the discipline of a student.  In support of their argument, they cite the following definition of "discipline": "[i]nstruction, comprehending the communication of knowledge and training to observe an action in accordance with the rules and orders."  Black's Law Dictionary 464 (6th ed. 1990).  The Supreme Court of Texas, however, rejected such a broad interpretation of the term as used in § 21.912, and held that "`[d]iscipline' in the school context ordinarily describes some form of punishment."  Hopkins, 736 S.W.2d at 619.  Because the Gillespies' allegations fail to show that the removal of the blade guard was an act of punishment, their argument that Wright's actions were a form of discipline is without merit.  Therefore, the district court did not err in dismissing the Gillespies' state law negligence claims against Wright.

AFFIRMED.

7